REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 S. Third Street
Las Vegas, NV 89101
Phone:          (702) 383-3400
Fax:             (702) 384-1460
rmastrangelo@rmcmlaw.com

Attorneys for Defendant
*OTIS ELEVATOR COMPANY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROSALINA GUITERREZ, an individual, | CASE NO.  2:24-cv-1075 |
| Plaintiffs, | **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| OTIS ELEVATOR COMPANY, a foreign corporation; OTIS ELEVATOR COMPANYS SERVICE, LLC, a Nevada limited liability company; DOES I through X; ROE ENTITIES I through X, inclusive, jointly, and severally; | |
| Defendants. | |

## DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant"), through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-24-892484-C, to the United States District Court of Nevada in Las Vegas.

In support of this Notice of Removal, Defendant states as follows:

//

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

**BACKGROUND**

1.      On or about May 2, 2024, Plaintiff Rosalina Guiterrez ("Plaintiff"), filed a Complaint ("Complaint") in the civil action styled as *ROSALINA GUITERREZ v. OTIS ELEVATOR COMPANY, a foreign corporation; OTIS ELEVATOR COMPANYS SERVICE, LLC, a Nevada limited liability company; DOES I through X; ROE ENTITIES I through X, inclusive, jointly, and severally* in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-24-892484-C ("State Court Action").  True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal, namely the Summons and Complaint, Answer, Demand for Jury Trial, and Disclosure Statement Pursuant to NRCP 7.1 filed in the State Court Action, are attached to the Declaration of Rebecca L. Mastrangelo in support of this Notice of Removal ("Mastrangelo Decl.") as **Exhibits A – C** thereto, and incorporated herein by reference.

2.      The Complaint sets forth as its "First Cause of Action" a claim of "Negligence as to all Defendants Under a Common Carrier Duty of Care and the doctrine of Res Ipsa Loquitor."  *See* Exh. A, Complaint, pp. 3-6.

3.      The Complaint alleges that on or around May 5, 2022, at the real property commonly referred to as Treasure Island Hotel and Casino, located at 3300 Las Vegas Boulevard South, Las Vegas, Nevada  (the "Subject Premises"), "Plaintiff was unable to exit The Elevator through the doors after others at the property made efforts to extract her from The Elevator as it stopped between levels at the property." Exh. A, Complaint, ¶ 15.  Plaintiff "ultimately had to be lifted out of The Elevator, and was injured during her extrication from The Elevator."  Exh. A, Complaint, ¶¶ 15.  Plaintiff further contends Defendant, as well as certain DOE defendants and/or ROE corporations were "through their authorized agents, servants, and employees, all acting within the course and scope of their employment, negligently and carelessly owned, maintained, operated, services [sic], inspected, and repaired The Elevator in that said Defendants permitted, allowed and caused said unsafe condition to remain even though Defendants knew or, through the exercise of ordinary care and diligence, should have known, that its premises was in an unsafe manner so as to create a defective and dangerous condition for anyone using The Elevator, causing Plaintiff to be detained in an elevator and suffer from physical injuries to her person during her exit from the same and from emotional distress associated with her confinement." Exh. A, Complaint, ¶¶ 16.    Plaintiff also

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

contends Defendant "failed to maintain The Elevator in a reasonably safe condition; and that said Defendants, negligently, carelessly and recklessly failed to inspect, repair and correct the said condition, or warn Plaintiff, of the defect therein." Exh. A, Complaint, ¶¶ 17.

4.      Plaintiff contends that the alleged incident resulted in injuries "in and about the spine, right shoulder, neck and left knee, and caused to suffer great pain of body and mind, all or some of which are chronic conditions, which may result in permanent disability and are disabling, all to which Plaintiff is entitled to recover damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00)." Exh. A, Complaint, ¶ 24. Further, "[b]y reason of The Elevator, and as a direct and proximate result of the aforesaid negligence and carelessness of the defendants, Plaintiff incurred medical expenses, and will in the future spend more for medical treatment and miscellaneous and incidental expenses, in a sum presently unascertainable." Exh. A, Complaint, ¶ 24. Plaintiff alleges that due to her injuries "Plaintiff was disabled, limiting and restricting Plaintiff in his her their [sic] occupations and activities, resulting in loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined." Exh. A, Complaint, ¶ 26.

5.      Defendant was served with the Summons and Complaint in the State Court Action on May 9, 2024.

6.      As specifically shown below, there is complete diversity between Plaintiff and Defendant. 28 U.S.C. § 1441; Exh. A, Complaint, ¶ 5; Mastrangelo Decl., ¶ 9.

7.      As specifically shown below, based on the allegations of the Complaint, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint, pp. 6-8.

8.      The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b), the Notice is filed within thirty (30) days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

**DIVERSITY OF CITIZENSHIP**

9.      Plaintiff is a resident of Clark County, Nevada. Exh. A, Complaint, ¶ 4. Plaintiff is therefore a citizen of the State Jof Nevada for purposes of section 1332(c)(1).

10. A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Defendant Otis Elevator is incorporated in New Jersey and has its principal place of business in Connecticut. Mastrangelo Decl., ¶ 9. Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12. The citizenship of a limited liability company is determined by examining the citizenship of each owner/member of the company, such that it is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. In paragraph 6 of the Complaint, Plaintiff alleges that Otis Elevator Companys Service, LLC, is a Nevada-domiciled LLC doing business in the County of Clark. However, Otis Elevator Companys Service, LLC ("Otis LLC") was fraudulently joined and is not a proper party in this action, as it is a sham Nevada defendant and has zero connection to this action. Mastrangelo Decl., ¶ 7. Defendant Otis Elevator Company was under contract with Treasure Island Hotel and Casino for maintenance of its elevators at all relevant times and is the correct defendant. Mastrangelo Decl., ¶ 8. Otis Elevator Companys Service, LLC is not connected, affiliated, or associated in any way with Defendant Otis Elevator Company. Mastrangelo Decl., ¶ 7. Defendant advised Plaintiff's counsel that Otis Elevator Companys Service, LLC is not a proper Defendant in this action and requested dismissal on the improperly named Co-Defendant. **Ex. D**, June 7, 2024 correspondence.

14. Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

15. Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Nevada, Defendant is a citizen of New Jersey and Connecticut only, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17. To satisfy the pleading standard for a removal, the notice must allege the amount in

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).[1]

18.    Plaintiff alleges that she was entrapped in the Subject Elevator at the Subject Premises when she "ultimately had to be lifted out of The Elevator, and was injured during her extrication from The Elevator." Exh. A, Complaint, ¶¶ 15.

19.    Plaintiff contends that the alleged incident resulted in injuries "in and about the spine, right shoulder, neck and left knee, and caused to suffer great pain of body and mind, all or some of which are chronic condition, which may result in permanent disability and are disabling, all to which Plaintiff is entitled to recover damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00)." Exh. A, Complaint, ¶ 24. Further, "[b]y reason of The Elevator, and as a direct and proximate result of the aforesaid negligence and carelessness of the defendants, Plaintiff incurred medical expenses, and will in the future spend more for medical treatment and miscellaneous and incidental expenses, in a sum presently unascertainable." Exh. A, Complaint, ¶ 24. Plaintiff alleges that due to her injuries "Plaintiff was disabled, limiting and restricting Plaintiff in his her their [sic] occupations and activities, resulting in loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined." Exh. A, Complaint, ¶ 26.

20.    Plaintiff separately alleges general damages "in an amount in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court. Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount." Plaintiff separately seeks special damages for "Plaintiff's medical and miscellaneous expenses to date, plus future medical and miscellaneous expenses," and "special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount." Exh. A, Complaint, p. 8.

---

[1] A District Court skeptical of a Defendant's amount in controversy allegation *must* give the parties an opportunity to present evidence relating to the allegation before deciding whether or not the amount in controversy is met. *See Dart*, 574 U.S. at 89.

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

21.    Plaintiff also seeks a separate award of costs of suit and reasonable attorneys' fees. Exh. A, Complaint, p. 8.

22.    Based on the allegations of the Complaint, Plaintiff accordingly prays for aggregate damages for general damages, special damages past and future medical expenses, lost wages and loss of future earnings, and attorney fees and costs that appear to exceed $75,000.00.

23.    Plaintiff's allegations and requests for damages against Defendant establish that she is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a). § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

## **THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

24.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25.    Under 28 U.S.C. § 1446(b)(2)(A), only Defendants that have been properly joined and served must join in or consent to the removal of the action. Here, Otis Elevator is the only properly joined and served Defendant. *See* Mastrangelo Decl., ¶¶ 7-10.

26.    The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

27.    The above-captioned Court is the proper District Court for removal because the State Court Actions is pending within the District of Nevada.

28.    If any questions arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

29.    If Plaintiff seeks remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that he would not seek to recover any judgment against Defendant in this matter in excess of $75,000.00.

/ / /

/ / /

/ / /

/ / /

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED:  June 10, 2024                    ROGERS, MASTRANGELO, CARVALHO & MITCHELL

By:  *Rebecca L. Mastrangelo*                    .
     Rebecca L. Mastrangelo, Esq.
     Nevada Bar No. 5417
     700 S. Third Street
     Las Vegas, NV 89101
     Attorney for Defendant
     OTIS ELEVATOR COMPANY

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June, 2024, the foregoing **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

Benjamin J. Carman, Esq.
Adam C. Edwards, Esq.
THE BIG GUNS INJURY ATTORNEY
4045 Spencer Street Suite A52
Las Vegas, NV 89119
Telephone: (702) 500-GUNS
Facsimile: (702) 628-7095
service@thebigguns.law
*Attorneys for Plaintiff*

/s/: *Kathy Vigil*
An Employee of ROGERS, MASTRANGELO, CARVALHO & MITCHELL

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL
017377\000324\1674095.1